UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EARL MORROW, ET AL., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| VS. | )     No. 16-2491-JDT-cgc |
| | ) |
| MARK H. LUTTRELL, ET AL., | ) |
| | ) |
|     Defendants. | ) |

ORDER SEVERING CLAIMS,
GRANTING PLAINTIFF MORROW LEAVE TO PROCEED *IN FORMA PAUPERIS*,
AND ASSESSING $350 FILING FEE IN ACCORDANCE WITH THE PLRA

On June 23 2016, Earl Morrow, Fred Erby, and Wayne Shannon, who are all incarcerated at the Shelby County Correctional Center ("SCCC'), in Memphis Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) All of the Plaintiffs signed the complaint; however, only Plaintiff Morrow submitted an *in forma pauperis* application (ECF No. 2), as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). On July 25, 2016, a motion to amend was filed that is signed only by Plaintiff Morrow. (ECF No. 4.) On August 8, 2016, a motion to appoint counsel was filed, purportedly on behalf of both Plaintiff Morrow and Plaintiff Erby; however, it is signed only by Erby. (ECF No. 5.) An amended complaint was filed on November 23, 2016, that is also signed only by Plaintiff Erby. (ECF No. 6.)

It is not practicable for three inmates to litigate their claims in a single action. Therefore, the Court hereby SEVERS the claims of Plaintiffs Erby and Shannon from this action. The

Clerk is DIRECTED to open new civil actions for Plaintiffs Erby and Shannon. In Plaintiff Erby's case, the Clerk shall docket the original complaint, the motion to appoint counsel and the amended complaint. In Plaintiff Shannon's case, the Clerk shall docket only the original complaint. The instant case will proceed with Earl Morrow as the sole Plaintiff.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. In this case, Plaintiff Morrow has submitted a properly completed *in forma pauperis* affidavit and a copy of his inmate trust account statement. Therefore, Plaintiff Morrow's motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff Morrow cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff Morrow's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff Morrow's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if any Plaintiff is ultimately granted leave to proceed *in forma pauperis*, he will not be liable for the additional $50 fee.

the Clerk of the Court. If the funds in Plaintiff Morrow's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the Plaintiff Morrow's account and forward them to the Clerk of the Court.

On each occasion that funds are subsequently credited to Plaintiff Morrow's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff Morrow's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff Morrow's account during the preceding month, but only when the amount in the account exceeds $10, until the entire $350 filing fee is paid.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 167 N. Main St., Rm. 242, Memphis TN 38103

and shall clearly identify Plaintiff Morrow's name and the case number as included on the first page of this order.

If Plaintiff Morrow is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the Plaintiff Morrow's prison. The Clerk is further ORDERED to forward a

3

copy of this order to the Director of the SCCC to ensure that the custodian of the Plaintiff Morrow's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE